UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| BONNIE EMERY, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HOME CAREGIVERS OF COOKEVILLE, LLC, KONSTANTIN YEPIFANTSEV, and JESSICA YEPIFANTSEV,<br><br>    Defendants. | NO. 2:20-cv-00038 |

# MEMORANDUM OPINION

This is a putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Before the Court is Plaintiff's Motion for Conditional Certification and for the Issuance of Court-Supervised Notice. (Doc. No. 22.) Defendants filed a Response (Doc. No. 24), Plaintiff filed a Reply (Doc. No. 25), and Defendants filed a Sur-Reply (Doc. No. 33). For the following reasons, Plaintiff's Motion will be granted in part and denied in part, and the parties will have an opportunity to reach an agreement as to the Notice and Consent Form.

## I. Background

Bonnie Emery, on behalf of herself and others similarly situated, asserts claims for unpaid overtime compensation against Home Caregivers of Cookeville, LLC and its two individual members Konstantin and Jessica Yepifantsev (collectively, "Defendants"). Plaintiff advances two distinct theories of relief. The first theory is that Defendants failed to pay overtime for mandated "24/7" work by Plaintiff and other caregivers at residential care facilities during the COVID-19 pandemic. (See Doc. No. 1 ¶¶ 3–4.) The second theory is that, well before the pandemic,

Defendants have failed to include employees' non-discretionary bonuses in the calculation of their regular rate of pay for the purpose of computing overtime compensation. (See id. ¶ 5.)

### A. Pandemic Overtime Compensation and Related DOL Settlement Agreement

Since the filing of this lawsuit, Defendants entered into an agreement related to Plaintiff's first theory of relief with the Department of Labor ("DOL"). (See Doc. No. 24-1 at 2–3; Doc. Nos. 36-1, 36-2.) Under the agreement, on December 12, 2020, Defendants will begin offering back wage payments under the DOL's supervision to 57 of its current and former employee-caregivers for "expected and mandated" work performed during the COVID-19 pandemic. (Doc. No. 24 at 1–2.) Plaintiff sought certain injunctive relief related to the DOL settlement agreement through an Emergency Application for Temporary Restraining Order and Motion for Preliminary Injunction. (Doc. No. 27.) On December 4, 2020, the Court held a hearing and ruled on the Motion, declining to grant injunctive relief but requiring Defendants' counsel to ask the DOL to add certain language regarding the existence of this case to a form that was to accompany the payment. (Doc. No. 35 at 5–6.) Defendants had no objection to the inclusion of this language.

On December 8, 2020, the parties filed a joint status report representing that Defendants' counsel made the required request to DOL Assistant District Director Vivian Huang. (Doc. No. 37.) As a result of this conversation, Defendants now intend to send payment along with WH-58 forms[1] and the following slightly revised statement that the Court approves, which includes the Court's previously requested language regarding the existence of this suit:

> It is entirely your choice whether to accept this payment. If you have any questions regarding the back wage payment, its consequences or how it was calculated, please call Assistant District Director Vivian Huang with the United States Department of Labor, at 865-934-5880 or William T. (Tom) Gray, Investigator, at 615-715-8374. You may find it relevant that a former employee has filed a pending lawsuit (*Emery*

---

[1] "A WH–58 is a standard form used by the DOL to inform an employee that, although he has the right to file suit under 29 U.S.C. § 216(b), acceptance of the back wages offered will result in waiver of those rights." Niland v. Delta Recycling Corp., 377 F.3d 1244, 1248 (11th Cir. 2004).

> *v. Home Caregivers LLC et. al*, Case No. 2:20-cv-00038 pending in the United States District Court for the Middle District of Tennessee), regarding this dispute about overtime wages, and that lawsuit seeks additional damages. If you accept this payment, you will give up any right you have to participate in that or any other lawsuit regarding this dispute. This is an important decision and you should act cautiously.

(Id. at 1–2.) Defendants' counsel also represents as follows: "Ms. Huang said that while she has no authority to approve this statement, she said that the Department of Labor has no objection to defendants including this statement with the WH-58 forms." (Id. at 2 (footnote omitted)). Counsel for both Plaintiff and Defendants do not believe that a further hearing with the DOL present is necessary. (Id.)

### B. Failure to Include Non-Discretionary Bonuses in Regular Rate of Pay

The DOL settlement agreement does not address Plaintiff's second theory of relief. (See Doc. No. 24 at 8.) Emery, alleges that during the 3 years preceding the filing of the Complaint, "Defendants failed to include the non-discretionary bonuses earned by caregivers such as Plaintiff and other Class Members in the calculation of the regular rate for purposes of computing their overtime compensation." (Doc. No. 1 ¶ 5.) Plaintiff alleges that Defendants "agreed to pay bonuses to caregivers, such as Plaintiff, for achieving certain performance goals," that "[a]ll of the bonuses Plaintiff and other caregivers received . . . were 'non-discretionary,'" and that she "received at least one" such bonus while employed by Defendants. (Id. ¶¶ 42, 45, 46.) Emery's declaration, attached to the Motion for Conditional Certification, does not include any additional allegations describing the details regarding these bonuses.

## II. Conditional Certification

At the conditional certification stage, Plaintiff faces a "'fairly lenient standard [that] typically results in 'conditional certification' of a representative class.'" Hammond v. Floor & Decor Outlets of Am., Inc., No. 3:19-cv-01099, 2020 WL 6459641, at *6 (M.D. Tenn. Nov. 3,

2020) (quoting Comer v. Wal-Mart Stores, Inc., 454 F.3d 544, 547 (6th Cir. 2006)). Plaintiff must make a "modest factual showing" that "the named plaintiffs are similarly situated to the proposed opt-in plaintiffs." Id. (quoting Comer, 454 F.3d at 547). Employees are similarly situated if (1) they "suffer from a single, FLSA-violating policy" or (2) their "claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." Monroe v. FTS USA, LLC, 860 F.3d 389, 398 (6th Cir. 2017) (quoting O'Brien v. Ed Donnelly Enters., 575 F.3d 567, 584 (6th Cir. 2009), abrogated on other grounds by Campbell-Ewald Co. v. Gomez, 577 U.S. 153 (2016)). Plaintiff may make this showing through "substantial allegations supported by declarations." Hammond, 2020 WL 6459641, at *7 (quoting White v. MPW Indus. Servs., Inc., 236 F.R.D. 363, 373 (E.D. Tenn. 2006)).

### A. Pandemic Overtime Compensation

As to Plaintiff's first theory of relief, Defendants effectively concede that Emery is similarly situated to the proposed opt-in plaintiffs. (See Doc. No. 24 at 2–3 (stating that the DOL settlement agreement is "to resolve the FLSA overtime claims—the same claims Ms. Emery asserts in this action")). Nonetheless, Defendants request that the Court deny, without prejudice, conditional certification of a class related to pandemic overtime compensation until the DOL supervised settlement process has concluded. (Doc. No. 24 at 1–8; Doc. No. 33 at 1–4.)

As the Court stated at the hearing on December 4, however, the broad remedial goals of the FLSA create two avenues for employees to seek relief: a DOL settlement and a private collective action, such as the one here. See Keller v. Miri Microsystems LLC, 781 F.3d 799, 806 (6th Cir. 2015) (citing Powell v. U.S. Cartridge Co., 339 U.S. 497, 509–11 (1950)) ("Congress passed the FLSA with broad remedial intent."). There is nothing in the FLSA that makes a private collective action better than a DOL settlement or vice versa. As aptly explained in Fitzwater v.

4

Cole, No. 18-00137-N, 2018 WL 6204452, at *4 (S.D. Ala. Nov. 28, 2018) (footnote omitted), "the pendency of the DOL's parallel settlement proceedings does not warrant a stay or denial of conditional certification. Nothing in the plain text of the FLSA suggests that a DOL-supervised settlement proceeding and a district court collective action cannot proceed at the same time." Thus, Defendants have not demonstrated that conditional certification should be denied on this basis.

Plaintiff's allegations (Doc. No. 1) and declaration (Doc. No. 22-3) more than satisfy the modest factual showing required for conditional certification related to pandemic overtime compensation. The Court will therefore grant conditional certification of this aspect of Plaintiff's proposed class. The Court will also grant Plaintiff's request to require Defendants to provide Plaintiff's counsel the names, last known mailing addresses, and email addresses for these potential class members. (See Doc. No. 22 at 2); Evans v. Caregivers, Inc., No. 3:17-cv-0402, 2017 WL 2212977, at *7 (M.D. Tenn. May 19, 2017). Although, in the Motion, Plaintiff requested that Defendants do so within 20 days (Doc. No. 22 at 2), the Court finds 7 days to be a reasonable deadline given subsequent developments in the case. See Kim v. Detroit Med. Informatics, LLC, No. 19-11185, 2019 WL 6307196, at *7 (E.D. Mich. Nov. 25, 2019) (ordering defendant to supply potential class member information within 10 days).

Further, the Court finds as reasonable Plaintiff's proposed method of distributing the Notice and Consent Form to potential class members—mail, email, and, for current employees, inclusion in their next paycheck. (See Doc. No. 2 at 2–3); Evans, 2017 WL 2212977 at *7 (citations omitted) (noting that courts within the Sixth Circuit have approved these methods).

### B. Failure to Include Non-Discretionary Bonuses in Regular Rate of Pay

Plaintiff also requests that the conditional class include any current or former employee-caregivers who "earned and received a bonus" for the 3 years preceding the filing of the Complaint.

5

(Doc. No. 22 at 1–2.) Defendants contend that Plaintiff has not carried her burden of demonstrating that this putative collective of similarly situated employees exists. (Doc. No. 24 at 8–10; Doc. No. 33 at 4–5.) The Court agrees.

"Although the required factual showing" to achieve conditional certification "is 'modest,' it 'cannot be satisfied simply by unsupported assertions.'" Hammond, 2020 WL 6459641, at *7 (quoting Keenum v. Lott Enters., Inc., No. 2:14-cv-02504, 2014 WL 11369832, at *2 (W.D. Tenn. Nov. 25, 2014)). Here, Plaintiff has not presented sufficient evidence related to the bonus issue, as Emery's declaration does not include any statements regarding bonuses with sufficient specificity that the Court can conclude that any such bonuses should be included in the calculation of regular rate of pay. But even if, as Plaintiff argues (Doc. No. 25 at 14–16), the Court may grant conditional certification based solely upon allegations in the Complaint, Plaintiff's allegations do not provide a basis to do so here.

Plaintiff alleges that she "received at least one" non-discretionary bonus from Defendants that should have been included in her regular rate of pay for the purpose of computing overtime compensation. (Doc. No. 1 ¶ 46.) And although Plaintiff generally alleges that Defendants paid bonuses to caregivers for "achieving certain performance goals" (id. ¶ 42), she does not provide any detail about any bonus that she actually received. Instead, Plaintiff simply alleges, in a conclusory fashion, that "[a]ll of the bonuses Plaintiff and other caregivers received . . . were 'non-discretionary.'" (Id. ¶ 45.) These barebones allegations, without any supporting evidence, are not sufficient to justify conditional certification of a class based on Plaintiff's second theory of relief. See Smith v. CHS Emp. Servs., LLC, No. 2:17-cv-1077, 2018 WL 4620318, at *4 (S.D. Ohio, Sept. 26, 2018) (denying conditional certification of class based on similar claim where plaintiff "did not attempt to approximate how frequently she earned these bonuses or provide any

6

evidence—other than speculation—that other employees suffered financial harm due to similar practices"). Accordingly, this aspect of Plaintiff's Motion for Conditional Certification will be denied.

### III. Notice and Consent Form

Plaintiff filed a proposed Notice and Consent Form (Doc. Nos. 22-1, 22-2) along with the Motion for Conditional Certification. In the Reply, Plaintiff states that she intends to file a revised proposed Notice that takes into account the DOL settlement agreement. (Doc. No. 25 at 4 n.6.) The Court understands that, given that Defendants intend to begin offering back wage payments to employees under the DOL settlement agreement on December 12, time is of the essence. However, the Court also agrees that Plaintiff's initial proposed Notice is now outdated. Accordingly, the parties will have an opportunity to confer about the appropriate language to be included in the Notice and Consent Form in light of the recent developments in this suit. See Smith v. Maco Mgmt. Co., Inc., No. 2:18-cv-00082, 2019 WL 1437927, at *7 (M.D. Tenn. Apr. 1, 2019) (collecting cases) ("[C]ourts commonly require the parties to confer about the language to be included in the Notice and Consent Form.")

The Court is very hopeful that, given the parties' productive discussion at the hearing on December 4, and given Defendants' lack of objection to including the Court's requested language when it offers payments to employees under the DOL settlement agreement, the parties will reach a swift, fair agreement on the Notice and Consent Form's language. The parties will have 5 days in which to do so.

### IV. Conclusion

For these reasons, Plaintiff's Motion for Conditional Certification (Doc. No. 22) will be granted in part, with the definition of the proposed members of the collective action limited as

explained above. That is, Plaintiff has not made the showing necessary to include within the collective class all employee-caregivers who earned and received a bonus for the 3 years preceding the filing of the Complaint.

Defendants shall provide Plaintiffs' counsel with the requested information regarding potential class members within 7 days, and distribution of the Notice and Consent Form shall conform to the undisputed parameters set out in Plaintiffs' Motion. The parties shall confer in an effort to arrive at an agreeable Notice and Consent Form, and any such agreed forms shall be filed within 5 days.

An appropriate Order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE